RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0123P (6th Cir.)
File Name: 03a0123p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,
      *Plaintiff-Appellee,*

    *v.*

CHARLES T. MASSARONE,
      *Defendant-Appellant.*

No. 01-5422

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 00-00211—Henry R. Wilhoit, Jr., District Judge.

Argued: August 6, 2002

Decided and Filed: April 25, 2003

Before: SUHRHEINRICH and BATCHELDER, Circuit
Judges; LITTLE, District Judge.[*]

---

### COUNSEL

**ARGUED:** Thomas K. Herren, HERREN & ADAMS,
Lexington, Kentucky, for Appellant. Barbara A. Kriz,

---

[*] The Honorable F. A. Little, Jr., District Judge for the Western
District of Louisiana, sitting by designation.

BAKER, KRIZ, JENKINS & PREWITT, Lexington,
Kentucky, for Appellee. **ON BRIEF:** Thomas K. Herren,
Charles C. Adams, Jr., HERREN & ADAMS, Lexington,
Kentucky, for Appellant. Barbara A. Kriz, BAKER, KRIZ,
JENKINS & PREWITT, Lexington, Kentucky, for Appellee.

---

### OPINION

---

F. A. LITTLE, JR., District Judge. Appellee Liberty
Mutual Fire Insurance Company sought a declaratory
judgment to determine if its denial of appellant Charles T.
Massarone's underinsured motorist coverage claim was in
error. On that issue, the district court granted summary
judgment in favor of Liberty Mutual. From that decision,
Massarone appeals. For the reasons that follow, we AFFIRM
the district court's directive.

### I. *BACKGROUND & PROCEDURAL HISTORY*

The essential facts are largely undisputed, as is usual in a
successful summary judgment filing. Liberty Mutual, a
company organized and incorporated under the laws of the
Commonwealth of Massachusetts, provided underinsured
motorist ("UIM") coverage to Massarone. The policy was
issued in Kentucky, which is also the state of domicile of
Massarone. In January of 1999, Massarone was involved in
an automobile accident with Mr. Wresney Gill in Lexington,
Kentucky. Gill and his insurer, State Farm, offered to settle
with Massarone for State Farm's policy limit of $100,000.

Prior to icing the settlement with Gill and State Farm,
counsel for Massarone sent a letter by first class mail on 21
February 2000 to Liberty Mutual giving that company notice
of Massarone's intended settlement with the malefactor and
his insurance carrier. Approximately one month later, having
had no response from Liberty Mutual, Massarone accepted the
settlement offer from Gill and State Farm.

Accompanying State Farm's check for $100,000 were settlement documents that released the insurance company and the insured from further claims by Massarone. The check was endorsed by the payees and deposited into the trust account of the attorney for Massarone. Before returning the settlement documents to State Farm, however, counsel for Massarone inserted several emendations to the documents. These corrections were intended to eliminate language releasing other persons who might be liable to Massarone and to reserve Massarone's rights and claims against underinsured motorist carriers.

Massarone then initiated a claim against Liberty Mutual for benefits accorded to him as provided in the underinsured motorist provision of his policy. Liberty Mutual denied receipt of the notice of Massarone's intended settlement with Gill and State Farm and rejected the claim, asserting that notice of such a settlement was required by the provisions of the underinsured policy and by Kentucky law. Faced with Liberty's rejection of the claim, Massarone's attorney attempted to unwind the settlement with Gill and State Farm. When that action proved unworkable, Massarone continued to press his underinsured claim with Liberty Mutual.

As a result, Liberty Mutual provoked a declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. The United States District Court for the Eastern District of Kentucky entered summary judgement on behalf of Liberty Mutual. *Liberty Mutual Ins. Co. v. Massarone*, No. 00-211 (E.D. Ky. Feb. 12, 2001). This appeal was timely filed. Subject matter jurisdiction is based upon diversity of citizenship of the parties. The amount in controversy exceeds $75,000, as required under 28 U.S.C. § 1332(a).

## II.  *STANDARD OF REVIEW*

Liberty's motion for summary judgment is reviewed *de novo* in a light most favorable to the non-moving party. Three U.S. Supreme Court cases of recent vintage guide us in our review of summary judgment decisions. Summary judgment

should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). A dispute about a material fact is genuine if the evidence would allow a jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 249. To survive a motion for summary judgment, the non-moving party must present evidence creating more than a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must present "'specific facts showing there is a genuine issue for trial.'" *Id*. at 587 (citing Fed.R.Civ.P. 56(e)). Thus, summary judgment may be granted when "a party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case." *Howard v. City of Beavercreek*, 276 F.3d 802, 805 (6th Cir. 2002).

## III.  *ANALYSIS*

We find no evidence of a dispute as to an essential fact. This matter is ripe for summary judgment determination by application of the substantive law of the Commonwealth of Kentucy, the state in which the policy was delivered, the state where the accident occurred, and the state of domicile of the defendant. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

There is no evidence that Liberty Mutual received notice of Massarone's intended settlement with the errant driver or his insurance company. Receipt of notice by the insurance company of its policy holder's intended settlement with the tortfeasor is a sine qua non to a claim for benefits under the underinsured provisions of the policy. So says Kentucky law:

> If an injured person . . . agrees to settle a claim with a
> liability insurer and its insured, and the settlement would
> not fully satisfy the claim for personal injuries . . . so as

to create an underinsured motorist claim, then *written notice of the proposed settlement must be submitted by certified or registered mail to all underinsured motorist insurers that provide coverage.* The underinsured motorist insurer then has a period of thirty (30) days to consent to the settlement or retention of subrogation rights. An injured person . . . may agree to settle a claim with a liability insurer and its insured for less than the underinsured motorist's full liability policy limits. If an underinsured motorist insurer consents to settlement or fails to respond . . . to the settlement request within the thirty (30) day period, the injured party may proceed to execute a full release in favor of the underinsured motorist's liability insurer and its insured and finalize the proposed settlement without prejudice to any underinsured motorist claim.

K.R.S. § 304.39-320(3) (emphasis added). That statute is an outgrowth from an oft cited Kentucky Supreme Court case, *Coots v. Allstate Insurance Co.*, 853 S.W.2d 895 (Ky. 1993). In interpreting the Kentucky Motor Vehicle Reparations Act, the court held that "it does not abrogate UIM coverage to settle with the tortfeasor and his carrier for the policy limits in his liability coverage, so long as the UIM insured notifies his UIM carrier of his intent to do so and provides the carrier an opportunity to protect his subrogation." *Id*. at 900. The Kentucky legislature gave content to the amorphous notice requirement discussed in *Coots* when it required that the notice of settlement be submitted to the underinsured carrier in certified or registered mail form.

Requiring that notice of a proposed settlement be submitted by certified or registered mail avoids the problem presented here. The dispatch and receipt of the notice Massarone mailed to Liberty Mutual in February of 2000 cannot be confirmed. Without this notice of the intended settlement with Gill and State Farm, Liberty Mutual had no opportunity to protect its subrogation rights. Having failed to comply with the statutorily required notice prior to finalizing the

settlement, Massarone may not now pursue his underinsured motorist claim with Liberty Mutual.

Massarone's reservation of rights against Liberty Mutual in the release document sent to State Farm, the tortfeasor's liability insurance carrier, is of no moment. Once Gill and State Farm were released, Liberty Mutual's subrogation rights were extinguished. The opinion in *Coots* discussed this issue and concluded that the notice requirement is not satisfied by a reservation in the release of the tortfeasor of the injured party's claims against his underinsured motorist carrier. *Id*. at 902-03. Risking repetitiveness, once the wrongdoer is released without restriction, an underinsured motorist carrier's subrogation rights are prejudiced. *See Wine v. Globe American Casualty Co.*, 917 S.W.2d 558, 565-66 (Ky. 1996). Liberty Mutual correctly denied Massarone's underinsured motorist claim.

## IV.  *CONCLUSION*

For the foregoing reasons, we AFFIRM the decision of the district court.